IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00315-PAB-BNB

RICARDO PAREDES,

Plaintiff,

v.

4 CORNERS WELL SERVICE, INC., a/k/a Bobby Higgins Well Service, and
STANLEY GOODALL,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

By a minute order entered December 23, 2009 [Doc. # 23], this matter was set for a final pretrial conference to occur on March 10, 2010. Five days before that conference, I was informed that a settlement of the case had been reached. Minute Order [Doc. # 25, filed 3/5/2010]. Consequently, I vacated the final pretrial conference and ordered the parties to file a motion to dismiss the case by March 19, 2010. Id. On March 19, rather than filing a motion to dismiss, the defendants filed a Status Report stating that "as of the date of this filing, Plaintiff has not signed the Settlement Agreement that was negotiated between the Parties and their respective counsel." Status Report [Doc. # 26, filed 3/19/2010].

I then set the case for a settlement conference to occur on March 30, 2010, at 1:30 p.m. Minute Order [Doc. # 27, filed 3/22/2010] (the "Order Setting Settlement Conference"). Among other things, the Order Setting Settlement Conference states:

> [C]ounsel shall have parties present at the Settlement Conference
> who shall have full authority to negotiate all terms and demands
> presented by the case, and full authority to enter into a settlement

> agreement. . . . This requirement is not satisfied by the presence of counsel only. **ALL COUNSEL AND PLAINTIFF MUST ATTEND IN PERSON.**

Id. (original emphasis).

Defendants and their counsel appeared at the settlement conference as ordered, but the plaintiff and his lawyer neither appeared nor contacted the court. Plaintiff's counsel (Mr. Montoya) was contacted at his office in Rio Rancho, New Mexico. Initially, Mr. Montoya stated that he and his client did not appear at the settlement conference because the plaintiff intended to sign the settlement agreement negotiated by the parties. Subsequently, Mr. Montoya stated that he had just spoken to his client, who would not sign the settlement agreement.

Thereafter, I entered an Order to Show Cause [Doc. # 28, filed 3/30/2010] requiring the plaintiff to demonstrate why the case should not be dismissed pursuant to D.C.COLO.LCivR 41.1[1] for lack of prosecution and failure to comply with the order to appear at the settlement conference on March 30, 2010.

The Response of Attorney Dennis W. Montoya to the Court's Show Cause Order [Doc. # 31] (the "Response") was received on April 14, 2010. As the caption tends to indicate, the Response offers an explanation for why plaintiff's counsel failed to appear at the settlement conference. According to the Response, Mr. Montoya spoke to his client by telephone on

---

[1]Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

February 19, 2010, at which time the plaintiff authorized Mr. Montoya to negotiate a settlement of his claims. Response [Doc. # 31] at ¶3. A settlement was negotiated, and plaintiff's counsel received the settlement documents for execution on March 5, 2010. Id. at ¶6. The documents were forwarded to the plaintiff at the office of his worker's compensation lawyer in Cortez, Colorado, for execution. Id. at ¶¶7-8.

Plaintiff's counsel again spoke to the plaintiff on March 25, 2010. Id. at ¶11. The plaintiff stated that he would sign the settlement documents and made alternate arrangements to obtain the documents for that purpose. Id. at ¶13. On March 25, 2010, plaintiff's counsel informed the plaintiff of the order setting a settlement conference on March 30, 2010. Id. at ¶13. Apparently in response, "Mr. Paredes said he would send in the documents so that the parties would not have to go back to court." Id. at ¶15. On the strength of Mr. Parede's representation, plaintiff's counsel removed the settlement conference from his calendar. Id. at ¶21. Finally, the Response states:

> It is now apparent to undersigned counsel that Plaintiff has no intention of signing the settlement documents. Due to the deterioration of attorney/client communications as evidenced by these events and the many events preceding this scheduled Settlement Conference, undersigned counsel has filed a Motion to Withdraw as Counsel.

Id. at ¶24.[2]

---

[2]This is not the first time the attorney-client relationship between the plaintiff and his lawyer has deteriorated. On November 4, 2009, plaintiff's counsel moved to withdraw because he could not contact his client and because the attorney was unwilling to "front" the costs of the litigation. Motion to Withdraw as Counsel [Doc. # 17, filed 11/4/2009] (the "First Motion to Withdraw") at ¶¶10-12. Following a hearing on the First Motion to Withdraw, the plaintiff and his attorney resolved their differences, and the First Motion to Withdraw was denied at the plaintiff's request. Order [Doc. # 21, filed 11/18/2010] at p. 1.

The Response indicates that the plaintiff's lawyer did not appear at the March 30 settlement conference because he believed, mistakenly, that the plaintiff had signed the settlement documents, negating any need for that conference, and he removed the entry from his calendar, imprudently, prior to receiving a court order vacating that conference. However, the Response offers no excuse for the plaintiff's failure to appear at the settlement conference. The plaintiff knew of the settlement conference, and he knew that the one event which might have led to the cancellation of the conference--execution of the settlement documents--had not occurred.

The Federal Rules of Civil Procedure authorize sanctions, including dismissal of claims, for failing to comply with court rules or any order of the court. Fed. R. Civ. P. 41(b); see Conkle v. Potter, 352 F.3d 1333, 1337 (10th Cir. 2003); Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002). Because dismissal of the plaintiff's claims will likely result in them being time-barred if reasserted, I must consider the propriety of such a severe sanction. The Tenth Circuit Court of Appeals has identified five factors to be considered in determining an appropriate sanction:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted).

On balance, I conclude that dismissal of the plaintiff's claims is the only meaningful sanction to address his failure to appear at the settlement conference as ordered and failure to

4

participate in the judicial process.

First, the plaintiff's conduct has resulted in actual prejudice to the defendants. The plaintiff agreed to settle the case, and on the strength of that representation the final pretrial conference was vacated. See Minute Order [Doc. # 25, filed 3/5/2010]. Final pretrial preparation has been substantially delayed as a result. In addition, the defendants and their counsel appeared for the March 30 settlement conference, at considerable expense and inconvenience. Further, the parties apparently reached a settlement of the case. The plaintiff has repeatedly promised to sign the settlement papers, but ultimately refuses to do so. The defendants are left in a quandary: is there a settlement; should they attend another settlement conference after once reaching a settlement with the plaintiff; should they continue to prepare the case for trial?

Second, the plaintiff's conduct has caused substantial interference with the judicial process. A final pretrial conference was set and subsequently cancelled on the assurance that a settlement had been reached. Now the plaintiff apparently has reneged on his agreement to settle. I set aside half-a-day for the March 30 settlement conference, which the plaintiff failed to attend. There is no excuse for the plaintiff's failure to appear at the March 30 settlement conference--he of all people knew that the settlement documents had not been signed. Moreover, the repeated see-saw representations of the plaintiff that the case has been settled, then that it has not, further interferes with and disrupts the efficient operation of the court, and those representations appear to have been made in bad faith or for tactical advantage.

Third, the plaintiff alone is responsible for his failure to appear at the March 30 settlement conference. He was ordered to appear; he knew of his obligation to appear; he knew

that he had not signed the settlement documents; but he failed to obey the court order to appear. No explanation or excuse for the plaintiff's failure to appear has been offered.

Fourth, the plaintiff was not previously warned that his failure to appear at the March 30 settlement conference would result in the dismissal of his case. The Order to Show Cause, however, does warn the plaintiff of the possibility of dismissal, and the Response offers no legitimate excuse for the plaintiff's failure to attend the settlement conference. To the contrary, the plaintiff (in contrast to his counsel) has not even attempted an excuse.

Finally, no lesser sanction would address the misconduct. The plaintiff appears to lack financial resources, so a monetary sanction is not appropriate. Dismissal is the only meaningful sanction where a litigant refuses to participate in the judicial process.

I respectfully RECOMMEND that the plaintiff's claims be dismissed as a sanction for his lack of prosecution and failure to comply with my order to attend a settlement conference.[3]

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be

---

[3]Defendant Stanley Goodall has asserted a counterclaim for battery against the plaintiff. Defendants' Answer, Defenses and Counterclaim to the First Amended Complaint of Ricardo Paredes [Doc. # 6, filed 6/8/2009] at pp.8-11, which is not affected by this Recommendation and would remain pending.

both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

    Dated April 15, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge