IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00315-PAB-BNB

RICARDO PAREDES,

    Plaintiff,

v.

4 CORNERS WELL SERVICE, INC., a/k/a Bobby Higgins Well Service, and
STANLEY GOODALL,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the recommendation of United States Magistrate Judge Boyd N. Boland filed on April 15, 2010 [Docket No. 35]. On May 14, 2010, plaintiff filed a motion [Docket No. 43] asking the Court to accept a late-filed objection to the recommendation. The Court granted that motion and accepted the objection as timely [Docket No. 44]. The Court now takes up the matter of the magistrate judge's recommendation.

The magistrate judge recounts the events which led to the present recommendation. On March 5, 2010, the parties informed the Court that they had agreed to settle the case, causing the magistrate judge to vacate the final pretrial conference. Plaintiff later refused to sign the settlement agreement. Being informed of this fact, the magistrate judge scheduled a settlement conference to take place on March 30, 2010 and ordered the parties to appear. Although defendants appeared at the settlement conference, neither plaintiff nor his counsel did. Plaintiff's attorney

initially indicated that his client had not attended because he intended to sign the settlement agreement. Plaintiff's attorney later explained that his client would not, in fact, sign the agreement. The magistrate judge then issued an order requiring the plaintiff to show cause why the case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for plaintiff's failure to prosecute the case and failure to comply with the order requiring his attendance at the settlement conference [Docket No. 28]. The magistrate judge accepted plaintiff's late-filed response [Docket Nos. 31, 32, 34] in which plaintiff's counsel explained why he missed the settlement conference. According to plaintiff's counsel, he assumed the settlement conference was unnecessary because his client, the plaintiff, said he would sign the settlement agreement. Plaintiff, on the other hand, was aware of the settlement conference and also was aware that had not executed the settlement agreement. Thus, the magistrate judge concluded that, while the attorney's failure to attend was potentially excusable, plaintiff's absence was not. The magistrate judge then considered the five factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), and concluded that dismissal was the appropriate sanction.

Plaintiff's objection [Docket No. 42], filed on May 14, 2010, does not take issue with the magistrate judge's findings or conclusions in the recommendation. Therefore, plaintiff has waived his right to challenge them. *See Int'l Surplus Lines Ins. Co. v. Wyoming Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995). Even so, the Court has reviewed the magistrate judge's reasoned opinion and, finding it to be a correct application of the facts to the law, accepts it in its entirety.

Plaintiff's only "objection" argues that he "should be afforded the opportunity to obtain new counsel and discuss any settlement offers which may be or have been presented to him." Objection to Recommendation of U.S. Magistrate Judge [Docket No. 42] ("Objection") at 1. Plaintiff further argued that he "should be afforded the opportunity to pursue this possible resolution before the harsh sanction of dismissal is applied." Objection at 1. Plaintiff made these arguments on May 14, 2010. In the month since Magistrate Judge Boland issued the recommendation, plaintiff had the opportunity to review any settlement offers with new counsel and pursue a resolution of this matter. Plaintiff's failure to take advantage of this time undermines plaintiff's only basis for objecting to the recommendation.

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 35] is ACCEPTED. Plaintiff Ricardo Paredes' claims are DISMISSED with prejudice as a sanction for his lack of prosecution and failure to comply with the court order to attend a settlement conference. Defendant 4 Corners Well Service, Inc. (also known as Bobby Higgins Well Service) is dismissed from this case. While the claims against defendant Stanley Goodall are dismissed, Mr. Goodall's counterclaim against plaintiff Ricardo Paredes [Docket No. 6] remains. It is further

**ORDERED** that defendants' motion for summary judgment [Docket No. 24] is DENIED as moot. It is further

**ORDERED** that any Final Judgment entered upon resolution of all claims against the parties shall reflect the rulings in this order.

DATED June 29, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge